# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-165-RJC-DCK

| | |
|---|---|
| CHRISTOPHER BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PRIME STAR GROUP, INC., a Nevada ) | |
| corporation; ROGER MOHLMAN; GARY ) | |
| CHERNAY; and PACIFIC STOCK ) | |
| TRANSFER COMPANY, a Nevada ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff Christopher Brown's ("Plaintiff" or "Brown") Motion for Entry of Default Judgment against Defendants Roger Mohlman ("Mohlman") and Gary Chernay ("Chernay"), (Doc. No. 10), filed on August 20, 2012. Defendants Mohlman and Chernay have not opposed the Motion for Entry of Default Judgment and the time for doing so has expired. For the reasons set forth below, Plaintiff's Motion is DENIED as premature.

## I.  BACKGROUND

### A.  Procedural Background

Plaintiff filed a Complaint in this action on March 12, 2012. (Doc. No. 1). Chernay was served with a copy of the Summons and Complaint on April 2, 2012, (Doc. No. 6), and Mohlman was served on April 16, 2012, (Doc. No. 7). Mohlman and Chernay failed to answer or otherwise defend the action within the time permitted by the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered Mohlman and

Chernay's default on May 23, 2012. (Doc. No. 9). Despite the issuance of summonses as to Defendants Prime Star Group, Inc. ("PSGI") and Pacific Stock Transfer Company ("PSTC"), (Doc. Nos. 2; 5), there is no record on the docket that these defendants have been served with process.

    B.    <u>Factual Background</u>

Plaintiff is a surgeon who works in Hickory and Morganton, North Carolina. (Doc. No. 1 at ¶ 12). Plaintiff alleges that he was approached by PSGI and Mohlman to provide consulting services for PSGI. (Id. at ¶ 14). Plaintiff states that, upon information and belief, Mohlman is the Chief Executive Officer (CEO) for PSGI and Chernay is employed by PSGI as its in-house counsel. (Id. at ¶¶ 15-16).

Plaintiff alleges that, in or about June 2011, he entered into a Consulting Agreement with PSGI and agreed to loan PSGI fifteen thousand dollars ($15,000.00). (Id. at ¶¶ 17-18). Plaintiff states that the loan was secured by a Promissory Note, dated June 21, 2011. (Id.). According to Plaintiff, PSGI agreed, among other things, to pay him for his consulting services by issuing him stock and non-dilatable warrants. (Id. at ¶ 19).

Plaintiff alleges that the Defendants, acting jointly and severally, injured him by: a) inducing Plaintiff to enter in to the Consulting Agreement, knowing that Plaintiff would not be compensated in accordance with the terms of the Agreement; b) inducing Plaintiff to loan PSGI $15,000.00 in exchange for the Promissory Note, knowing that Plaintiff would not be repaid his principal, paid any interest, or issued any securities as promised in the Note; c) misleading Plaintiff to believe the securities promised in the Consulting Agreement and the Promissory Note would be issued by PSTC, when in fact they would not; and d) failing to provide Plaintiff with the requested information about PSGI so as to allow Brown to make informed decisions about

the securities promised him by the Agreement and the Note. (Id. at ¶ 29). Plaintiff alleges the following seven claims in his Complaint: (1) Violation of § 17(a) of the Securities Act; (2) Violation of § 10(b) and Rule 10-b(5) of the Exchange Act; (3) Unfair and Deceptive Trade Practices – N.C.G.S. § 75-1.1, et seq.; (4) Breach of Express Contract; (5) Common Law Fraud and Aiding and Abetting Fraud; (6) Unjust Enrichment; and (7) Joinder of PSTC as Defendant.

## II. LEGAL STANDARD

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); Weft, Inc. v. GC Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986); FED. R. CIV. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."). However, the defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Ryan, 253 F.3d at 780 (citations omitted); see also E.E.O.C. v. Carter Behavior Health Servs., Inc., No. 4:09-cv-122-F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. See Ryan, 253 F.3d at 780 (citing Weft, 630 F. Supp. at 1141).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general

matter, defaults be avoided and that claims and defenses be disposed of on their merits."
Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010)
(citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

### III. DISCUSSION

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. Subsection (a) of the Rule calls for an entry of default when a party has failed to file a responsive pleading "or otherwise defend" the action within the applicable time limit. FED. R. CIV. P. 55(a). Here, Rule 55(a) was satisfied when the Clerk entered an order of default against Defendants Mohlman and Chernay on May 23, 2012, (Doc. No. 9), due to Mohlman and Chernay's failure to file a responsive pleading after having been properly served with process. But entry of the order of default does not automatically entitle a party to a default judgment; rather, subsection (b)[1] requires the court's final action following entry of default by the Clerk under subsection (a). Although the Court has discretion to enter a default judgment against a defendant pursuant to Rule 55(b), see Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980), default judgments are generally disfavored, Tazco, Inc. v. Dir., Office of Workers Comp. Programs, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990); see also Jefferson v. Briner,

---

[1] Rule 55(b)(2) provides for entry of default judgment by the court "[i]n all other cases [where entry by the Clerk under Fed. R. Civ. P. 55(b)(1) is not appropriate] the party entitled to a judgment by default shall apply to the court therefor . . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . ." FED. R. CIV. P. 55(b)(2).

Inc., 461 F. Supp. 2d 430, 433 (E.D. Va. 2006).

Federal Rule of Civil Procedure 55(b)(2) allows the Court to enter judgment against a defendant who has failed to answer or otherwise plead. Mohlman and Chernay failed to answer or otherwise plead. PSGI and PSTC, however, have not yet been served with process. In the Prayer for Relief in his Complaint, Plaintiff states that he seeks recovery against all four Defendants, jointly and severally, as follows:

1. That Plaintiff have recovery of the $15,000.00 loan made to PSGI;

2. That Plaintiff have recovery of interest on the $15,000.00 loan made to PSGI from June 21, 2010, to the date of payment of the loan at the rate of 10% per annum;

3. That Plaintiff recover the expected benefit of the bargain for the value of the stocks and warrants to have been issued to Plaintiff as originally promised to Plaintiff in a sum to be proven at trial;

4. That Plaintiff have recovery of monetary damages in excess of $75,000.00 against all Defendants;

5. That Plaintiff have recovery of punitive damages from Defendants;

6. That an accounting be ordered to establish the sums by which Defendants have been unjustly enriched;

7. That the Court order the restitution of or disgorgement of the sums by which Defendants have been unjustly enriched;

8. That Plaintiff have and recover treble damages pursuant to Chapter 75 of the North Carolina General Statutes including attorneys' fees for the unfair and deceptive trade practices effectuated on Plaintiff by Defendants;

9. That Plaintiff have and recover attorneys' fees pursuant to N.C.G.S. § 6-21;

10. That Plaintiff have and receive such other further and additional relief as this Court deems just and proper; and

11. That Plaintiff have a trial by jury on all issues and causes of action as stated herein.

(Doc. No. 1 at 13-14).

Because Plaintiff seeks to recover judgment against all four Defendants, jointly and severally, entering judgment against Mohlman and Chernay will necessarily affect the rights of PSGI and PSTC even though they have not yet been served with process. Rule 54(b) provides, inter alia,

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). In the seminal case Frow v. De La Vega, 82 U.S. 552, 554 (1872), the Supreme Court held that entering judgment on the merits against a defaulting defendant alone, pending the continuance of the case against the remaining defendants would be "incongruous" and "absurd." Likewise, allowing a judgment against Mohlman and Chernay before allowing PSGI and PSTC to fully litigate the same issues would be incongruous.

Entering default judgment against Mohlman and Chernay at this stage in the litigation would be premature. Should Plaintiff succeed on his claims after they have been fully litigated, default judgment could then be issued against Mohlman and Chernay. However, if PSGI and PSTC are ultimately successful, default judgment would not be appropriate. See 10 James Wm. Moore et al ., Moore's Federal Practice § 55.25 (3d ed. 2006) ("When multiple defendants are similarly situated, even if the liability asserted against them is not joint, default judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."); In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001) (extending Frow to certain

6

circumstances where defendants have closely related defenses or are otherwise similarly situated, even if not jointly and severally liable, so as to avoid inconsistent judgments against multiple defendants); Lewis v. Lynn, 236 F.3d 766, 768 (5th Cir. 2001) (allowing non-answering defendants to benefit from the favorable ruling on the appearing party's summary judgment motion because it would be "'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants"); Jones v. Luthi, 586 F. Supp. 2d 595, 617 (D.S.C.2008) (granting summary judgment for answering defendants and denying default judgment for non-answering defendants). Therefore, pursuant to Rule 54(b), there is just reason to delay entry of judgment against Mohlman and Chernay until all issues and liabilities have been determined.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Entry of Default Judgment against Defendants Roger Mohlman and Gary Chernay, (Doc. No. 10), is **DENIED without prejudice as premature**.

Signed: September 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge